FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 FEB -2 PM 12:51
CLERK'S OFFICE
AT BALTIMORE
BY________DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern District)**

RICHARD P. ALMQUIST, JR., Personal Representative of the Estate of the Late KATHERINE A. ALMQUIST, Deceased
2 Nancy Circle
Reading, Pennsylvania 19606

and

RICHARD P. ALMQUIST, SR.
159 Anna Mae Road
East Stroudsburg, Pennsylvania 18301

and

LORETTA ALMQUIST
159 Anna Mae Road
East Stroudsburg, Pennsylvania 18301

Plaintiffs

v. Civil Action No.: ELH 15 CV 0292

RONALD CLIFFORD KINSEY, M.D.
12500 Willowbrook Road
Cumberland, Maryland 21502

and

JAMES HARVEY SHERO, M.D.
20251 Century Boulevard
Germantown, Maryland 20874

and

MEP HEALTH, LLC
12410 Milestone Center Drive, Suite 225
Germantown, Maryland 20876
Serve on Resident Agent:
Shahana Chaudry
12410 Milestone Center Drive, #225
Germantown, Maryland 20876

and

WESTERN MARYLAND HEALTH SYSTEM CORPORATION :
12400 Willowbrook Road
Cumberland, Maryland 21502 :
Serve on Resident Agent:
Jeffrey S. Getty :
21 Prospect Square
Cumberland, Maryland 21502 :

Defendants :

: : : : : : : : : : : :

**COMPLAINT**

**JURISDICTIONAL STATEMENT**

1. The Plaintiffs, Richard P. Almquist, Jr., Individually, and as Personal Representative of the Estate of the Late Katherine A. Almquist, Deceased, and Loretta Almquist, Individually, are citizens of the United States of America and citizens and domiciliaries of the State of Pennsylvania. The Plaintiffs, Richard P. Almquist, Jr. and Loretta Almquist, are over twenty-one (21) years of age.

2. The Defendants Ronald Clifford Kinsey, M.D. and James Harvey Shero, M.D., are citizens of the United States of America and citizens and domiciliary of the State of Maryland, and are over twenty one (21) years of age.

3 The amount of controversy exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

4. Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

**COUNT I**

COMES NOW the Plaintiff, Richard P. Almquist, Jr., Personal Representative of the Estate of the Late Katherine A. Almquist, Deceased, by his attorneys, Jonathan Schochor, James D. Cardea, and Schochor, Federico and Staton, P.A. and sues, Ronald Clifford Kinsey, M.D., James Harvey Shero, M.D., MEP Health, LLC, and Western Maryland Health System Corporation, Defendants:

1. At all times of which the Plaintiff complains, the Defendants Ronald Clifford Kinsey, M.D. (hereinafter referred to as "Kinsey"), and James Harvey Shero, M.D. (hereinafter referred to as "Shero") represented to the Plaintiff's Decedent and the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff's Decedent.

2. The Plaintiff alleges that the Defendants Kinsey and Shero herein, including duly authorized agents and/or employees of the Defendant Hospital, owed to the Plaintiff's Decedent the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which these Defendants failed to do.

3. The Defendants Kinsey and Shero were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to properly and appropriately diagnose the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, and were otherwise negligent.

4. The Plaintiff alleges that the Defendant MEP Health, LLC, through its agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

5. The Defendant MEP Health, LLC, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to

adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's Decedent's condition and was otherwise negligent.

6. The Plaintiff alleges that the Defendant Western Maryland Health System Corporation (hereinafter referred to as "Hospital"), through its agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

7. The Defendant Hospital, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine

the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's Decedent's condition and was otherwise negligent.

8.   At all times referred to herein, the Defendants Kinsey and Shero acted for themselves and/or duly authorized agents and/or employees of the Defendant MEP Health, LLC and/or the Defendant Hospital, acting within the scope of their respective authority.

9.   As the direct and proximate result of the ongoing negligence of these Defendants and each of them, the Plaintiff's Decedent, Katherine A. Almquist, age 44, suffered excruciating physical pain, emotional anguish and fear, resulting in her tragic and untimely demise on November 30, 2012.

10.   On November 26, 2012 at 11:37 a.m., the Plaintiff's Decedent presented to the emergency department of the Defendant Hospital. It is alleged that the emergency department was run by the Defendant MEP Health, LLC and that the Defendants Kinsey and Shero were both emergency department physicians at that time. At all times referred to herein, both of those Defendants held themselves out to be experts in emergency medicine and both participated in the ongoing, negligent care received by the Plaintiff's Decedent.

11.   Upon presentation to the Defendant Hospital's emergency department, the Plaintiff's Decedent complained of shortness of breath as well as chest pain. As indicated above, the Defendants Kinsey and Shero directed her care. Upon examination, it was found that the Plaintiff's Decedent had decreased breath sounds with a pulse oxygen level of 92% on room air -- both significantly abnormal. Further, her electrocardiogram (EKG) demonstrated non-specific ST/T wave changes -- likewise abnormal and indicative of pulmonary emboli in this setting. Additionally, the Plaintiff's Decedent suffered with tachycardia -- likewise indicative of pulmonary emboli in this setting.

12. It is alleged that the Defendants Kinsey and Shero posited a differential diagnosis that included pulmonary embolism - as it should have. However, it is alleged that neither these Defendants nor any other personnel attending to the Plaintiff's Decedent performed any tests whatsoever to rule out pulmonary embolism. Specifically, it is alleged that the standards of care required these Defendants and each of them to perform the necessary tests to rule out a potentially lethal condition such as pulmonary embolism. It is asserted that these Defendants could have performed a D-Dimer test, V/Q scan, a spiral CT scan, as well as laboratory and/or other studies to rule out the pulmonary embolism. Tragically, in continuing violation of the standards of care, no tests or studies were ordered whatsoever with respect to pulmonary embolism. These Defendants simply "diagnosed" the Plaintiff's Decedent with dyspnea, anxiety disorder, and asthma, and sent her to home without a proper diagnosis and without needed intervention -- in continuing violation of the standards of care.

13. Predictably, on November 30, 2012 at approximately 2:00 p.m., Emergency Medical Services was dispatched to aid the Plaintiff's Decedent. Upon their arrival, they found that she was unresponsive, apneic, and pulseless. Cardiopulmonary resuscitation was initiated and, although the EMTs were able to convert her cardiac rhythm to ventricular fibrillation for a period of time, her rhythm converted to asystole en route. The EMTs arrived at the Defendant Hospital at 2:43 p.m. At that time, the Plaintiff's Decedent's pupils were fixed and dilated. Notwithstanding ongoing efforts to resuscitate, the Plaintiff's Decedent was pronounced dead at 3:13 p.m. that day.

14. A subsequent autopsy confirmed the presence of pulmonary thromboemboli which caused her tragic and untimely demise.

15. It is alleged that had these Defendants and each of them conformed with the applicable standards of care and acted upon the differential diagnosis they placed in the chart, all of the injuries, damages and the death of the Plaintiff's Decedent would have been avoided. If any of the simple tests and studies were performed as mandated by the standards of care, pulmonary emboli would have been diagnosed in a timely fashion, with appropriate intervention provided including, but not limited to TPA, anticoagulation, and/or a Greenfield filter, etc.

16. Had these Defendants and each of them conformed with the applicable standards of care, the pulmonary emboli would have been diagnosed, treated, and the Plaintiff's Decedent would have left the Defendant Hospital to resume all of her normal activities with no deficits whatsoever. However, as the direct and proximate result of the ongoing negligence of these Defendants, and each of them, no diagnosis was made at all and none of the required intervention provided -- in continuing violation of the standards of care. As the direct and proximate result, the Plaintiff's Decedent died at age 44 as a tenured professor at Frostburg State University.

17. The Plaintiff and Plaintiff's Decedent refer to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages and demise of the Plaintiff's Decedent -- with the Plaintiff and Plaintiff's Decedent being in no way contributorily negligent.

18. The negligence complained of occurred in Allegany County. Venue is claimed in United States District Court for the District of Maryland.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdiction amount.

Jonathan Schochor

James D. Cardea

Schochor, Federico and Staton, PA

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

**COUNT II**

COMES NOW the Plaintiff, Richard P. Almquist, Sr., by his attorneys, Jonathan Schochor, James D. Cardea, and Schochor, Federico and Staton, P.A. and sues, Ronald Clifford Kinsey, M.D., James Harvey Shero, M.D., MEP Health, LLC, and Western Maryland Health System Corporation, Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. The Plaintiff alleges that he is the surviving father of the Plaintiff's Decedent, Katherine A. Almquist. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship he enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved daughter as the result of the negligence of these Defendants. The death of his daughter represents a tragedy from which he will never recover.

4. The negligence complained of occurred in Allegany County. Venue is claimed in United States District Court for the District of Maryland.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdiction amount.

Jonathan Schochor

James D. Cardea

Schochor, Federico & Staton, PA

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

**COUNT III**

COMES NOW the Plaintiff, Loretta Almquist, by her attorneys, Jonathan Schochor, James D. Cardea, and Schochor, Federico and Staton, P.A. and sues, Ronald Clifford Kinsey, M.D., James Harvey Shero, M.D., MEP Health, LLC, and Western Maryland Health System Corporation, Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Counts I and II hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. The Plaintiff alleges that she is the surviving mother of the Plaintiff's Decedent, Katherine A. Almquist. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship she enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that she has lost the love, support, guidance, advice and comfort furnished by her beloved daughter as the result of the negligence of these Defendants. The death of her daughter represents a tragedy from which she will never recover.

4. The negligence complained of occurred in Allegany County. Venue is claimed in United States District Court for the District of Maryland.

WHEREFORE, the Plaintiffs claim damages in excess of minimum jurisdiction amount.

Jonathan Schochor

James D. Cardea

Schochor, Federico and Staton, PA

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs